IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| BAY MACHINERY SERVICES, INC., | * | |
| | * | |
| Plaintiff, | * | |
| vs. | * | No. 4:08cv00368 SWW |
| | * | |
| | * | |
| CODAN FORSIKRING A/S., | * | |
| | * | |
| Defendant. | * | |
| | * | |
| | * | |
| CODAN FORSIKRING A/S., | * | |
| | * | |
| Counter Claimant | * | |
| vs. | * | |
| | * | |
| | * | |
| BAY MACHINERY SERVICES, INC., | * | |
| | * | |
| Counter Defendant | * | |

_____

| | | |
|---|---|---|
| CODAN FORSIKRING, A/S., | * | |
| | * | |
| Plaintiff, | * | |
| vs. | * | No. 4:09cv00246 SWW |
| | * | |
| | * | |
| ATS LOGISTICS SERVICES, INC., | * | |
| | * | |
| Defendant. | * | |

# ORDER

Assigned to this Court are two cases that stem from an accident that occurred in November 2004: *Bay Machinery Services, Inc. v. Codan Forsikring, A/S.*, No. 4:08cv00368

SWW (filed April 29, 2008) (hereinafter, "*Bay Machinery*"),[1] and *Codan Forsikring, A/S. v. ATS Logistics Services, Inc.*, No. 4:09cv00246 SWW (filed April 2, 2009) (hereinafter "*Codan*").[2] The plaintiff in *Codan* – Codan Forsikring A/S (Codan) – has filed a motion to consolidate the two cases [doc.#10], claiming that both cases arise from the same factual situation, namely cargo, damages, and insurance claims over a wind turbine nacelle that was being transported by ship from the Kingdom of Denmark to Tiskalaw, Illinois.[3] The defendant in Codan – ATS Logistics Services, Inc. (ATS) – opposes consolidation.

According to the complaint in *Bay Machinery*, the nacelle cargo arrived in port in Beaumont, Texas, after which Bay Machinery, an Ohio corporation, picked up the nacelle cargo for transport to Illinois. On November 21, 2004, during transit of the nacelle cargo from Texas to Illinois, Bay Machinery's vehicle was allegedly involved in a motor vehicle accident in Crossroads, Arkansas, causing the nacelle cargo to sustain damage. Codan, a corporation located in Copenhagen, Denmark, was the subrogated cargo underwriter of NEG Micon A/S, the shipper of the nacelle cargo. Codan has demanded and continues to demand payment exceeding $713,100 for damages to the nacelle cargo, but Bay Machinery claims the action is governed by the Carriage of Goods by Sea Act ("COGSA"), 46 U.S.C. §§ 30701 *et seq.*, and that any claims against Bay Machinery related to the alleged damage sustained to the nacelle cargo is now time-barred under COGSA's one-year statute of limitations.

---

[1] By Order dated January 27, 2009 [doc.#26], the Court granted a joint motion of the parties in *Bay Machinery* to dismiss without prejudice separate defendants W.K. Webster (Overseas) Ltd., Vestas American Wind Technology, Inc., and Vestas Wind Systems A.S., leaving Codan Forsikring, A/S., as the sole remaining defendant in *Bay Machinery*.

[2] A Notice of Related Case was filed in both *Bay Machinery*, No. 4:08cv00368 SWW (*see* doc.#38] and *Codan*, No. 4:09cv00246 SWW (*see* doc.#8). *Codan* was reassigned to this Court from the docket of Judge Moody pursuant to the Notice of Related Case as this Court had the first filed case, *Bay Machinery*.

[3] The motion to consolidate was filed only in *Codan*, No. 4:09cv00246 SWW.

Codan denies that COGSA applies in this situation and has counterclaimed against Bay Machinery for breach of contract of carriage regulated by the Carmack Amendment, 49 U.S.C. § 14706, as codified by the ICC Termination Act of 1995.  Codan additionally brings its own action under the Carmack Amendment against ATS, a Delaware corporation, alleging ATS arranged for Bay Machinery to pick-up, receive and accept the nacelle cargo and that ATS agreed to transport and deliver the nacelle cargo in good order and condition pursuant to a contract but that the nacelle cargo was damaged in the November 2004 accident in Arkansas.  Codan alleges that ATS' failure to deliver the nacelle cargo in good condition constituted an actionable breach of its duties and that as a result of its failure, ATS has caused Codan to sustain damages in the sum of $713,100.

Federal Rule of Civil Procedure 42(a) provides that a court may consolidate actions before it that involve a common question of law or fact.  As noted by the United States Court of Appeals for the Eighth Circuit in *Enterprise Bank v. Saettele*,

> Rule 42(a) states that a district court may consolidate separate actions when those "actions involv[e] a common question of law or fact."  Fed.R.Civ.P. 42(a); *see Seguro de Servicio de Salud v. McAuto Sys. Group,* 878 F.2d 5, 8 (1st Cir.1989) ("The threshold issue is whether the two proceedings involve a common party *and* common issues of fact or law."); *see also Frazier v. Garrison I.S.D.,* 980 F.2d 1514, 1531 (5th Cir.1993) ("[A] trial court may consolidate multiple actions if the actions involve common questions of law or fact."); *Fleishman v. Prudential-Bache Sec.,* 103 F.R.D. 623, 624 (E.D.Wis.1984) ("There must be questions of law or fact common to the cases that are to be consolidated....").  Further, "consolidation is permitted as a matter of convenience and economy in administration, but does not merge the suits into a single cause, or change the rights of the parties, or make those who are parties in one suit parties in another." *Johnson v. Manhattan Ry.,* 289 U.S. 479, 496-97, 53 S.Ct. 721, 727-28, 77 L.Ed. 1331 (1933); *see also United States v. Altman,* 750 F.2d 684, 695 (8th Cir.1984) (consolidated suits maintain their separate identities); *Kraft, Inc. v. Local Union 327, Teamsters,* 683 F.2d 131, 133 (6th Cir.1982) (same). We examine whether the district court abused its discretion in ordering this consolidation.

21 F.3d 233, 235 (8th Cir. 1994).

ATS opposes consolidation primarily on the ground that "[w]hile it is too early to say with any degree of certainty," two "possible" results of consolidation "may be to trigger some sort of" adversarial relationship between Bay Machinery and ATS or to transform the party status of at least one of Codan's adversaries. *See Saettele*, 21 F.3d at 236-37 ("[b]ecause no common issues of law or fact existed between the two lawsuits, consolidation to resolve a separate issue that involved only the plaintiffs in each of the two lawsuits resulted in the creation of both a third lawsuit and a common forum in which to resolve that lawsuit" and "also created an adversarial relationship between the parties who formerly both were plaintiffs in the two individual lawsuits," affecting the district court's jurisdiction over the third lawsuit).[4] While these concerns may later justify revisiting the issue, they are at this time too speculative and unfounded to deny Codan's motion to consolidate when the cases are otherwise clearly appropriate for consolidation; the legal issues are related and *Bay Machinery* and *Codan* involve parties with common interests and common questions of law and fact. *See* Fed.R.Civ.P. 42(a). That being so, and concluding that consolidation would promote convenience and economy, Codan's motion to consolidate the two cases [doc.#10] is granted. Accordingly, *Codan Forsikring, A/S. v. ATS Logistics Services, Inc.*, No. 4:09cv00246 SWW is hereby consolidated with *Bay Machinery Services, Inc. v. Codan Forsikring A/S.*, No. 4:08cv00368 SWW. The Initial Scheduling Order entered in *Codan*, No. 4:09cv00246 SWW [doc.#7] and the Final Scheduling Order (as amended) entered in *Bay Machinery*, No. 4:08cv00368 SWW [doc.#'s 13,16] are hereby vacated.

---

[4] ATS also raises temporal problems concerning the scheduling order in *Bay Machinery* but that problem will be alleviated upon issuance of a new scheduling order (including new deadlines for conducting discovery) for the consolidated action.

The Court will issue a new Scheduling Order for the now consolidated action in due course.

IT IS SO ORDERED this 10th of July 2009.

/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE