IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| BAY MACHINERY SERVICES, INC., | * | |
| | * | |
| Plaintiff, | * | |
| vs. | * | No. 4:08cv00368 SWW |
| | * | |
| CODAN FORSIKRING A/S, | * | |
| | * | |
| Defendant. | * | |
| | * | |
| CODAN FORSIKRING A/S, | * | |
| | * | |
| Counter-Claimant, | * | |
| vs. | * | |
| | * | |
| BAY MACHINERY SERVICES, INC., | * | |
| | * | |
| Counter-Defendant. | * | |

CONSOLIDATED WITH

| | | |
|---|---|---|
| CODAN FORSIKRING, A/S, | * | |
| | * | |
| Plaintiff, | * | |
| vs. | * | No. 4:09cv00246 SWW |
| | * | |
| ATS LOGISTICS SERVICES, INC., | * | |
| | * | |
| Defendant. | * | |

ORDER

Pursuant to the Telephone Conference held on the afternoon of January 12, 2011, the Court determines that this consolidated action is governed not by the Carriage of Goods by Sea Act (COGSA), note following 46 U.S.C. §§ 30701, but by the Carmack Amendment to the

Interstate Commerce Act, 49 U.S.C. § 14706.[1]  The motion of Codan Forsikring A/S ("Codan") for partial summary judgment [doc.#'s 66, 69], the motion of Bay Machinery Services, Inc. for partial summary judgment [doc.#70], and the motion of ATS Logistics Services, Inc. ("ATS") for summary judgment [doc.#74] are denied in all other respects, the Court finding that there remain genuine issues of material fact on the issues raised in those motions (although the Court indicated how it is leaning on several of the issues).

The motion in limine of ATS [doc.#20, 106] is denied as moot, the Court having ruled that the Carmack Amendment is the governing law, thus rendering the witnesses that are the subject of the motion in limine no longer necessary.

The motion of ATS to reopen discovery and for continuance [doc.#101] is denied. However, on proper motion, the Court will issue an Order directing that all information relevant to this action that is maintained by Vestas-American Wind-Technology, Inc. ("Vestas") in its computer system relating to 2005 (which may contain the last quarter of 2004) be preserved for further review by ATS and that Vestas and the parties to this action do nothing to inhibit forensic examinations or searches of the servers used by Vestas during the period when Vestas and ATS were negotiating contract terms at issue in this litigation.

IT IS SO ORDERED this 13th day of January 2011.

/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE

---

[1] The Court will elaborate on this ruling in its Findings of Fact and Conclusions of law following trial.